## UNITED STATES *v.* BARNOW.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 454.   Argued O ctober 18, 1915.—Decided November 8, 1915.

The prohibition in ·§ 32, Criminal Code, against falsely assuming or
   pretending to be an officer of the United States or employé acting
   under its authority is not confined to false personation of some
   particular person or class of persons but prohibits any false assump-
   tion or pretense of office or employment under the authority of the
   United States, or any department or officer of the Government, if
   done with intent to defraud, and accompanied with any of the
   specified acts done in the pretended character.
The offense under § 32, Criminal Code, is complete on the false per-
   sonation or pretense. and the demanding or obtaining money as the
   result thereof, even if the person defrauded be not financially injured
   in consequence thereof. ·
It is within the power of the United States to prohibit the false per-
   sonation of its officers or the false assumption of being an officer of
   the United States, and legislation to that end does not interfere with,
   or encroach upon, the functions of the States, and so *held* as to § 32,
   Criminal Code, construed in this čase as including a prohibition of
   the false pretense of holding a non-existent office under non-existent
   officers of the United States Government.
221 Fed. Rep. 140, reversed.

  · THE facts which involve the construction of § 32 of the
Criminal Code and the validity. of an indictment there-
under and the extent of the jurisdiction of this court under
the Criminal Appeals Act, are stated in the opinion.

  *Mr. Solicitor General Davis*, with whom *Mr. Robert Szold* ·
was on the brief, for the United States.

  *Mr. Daniel Thew Wright*, with whom *Mr. T. Morris
Wampler* and *Mr. Henry D. Green* were on the brief, for
defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This case is brought here under the Criminal Appeals Act (c. 2564, 34 Stat. 1246), to review a judgment of the District Court (221 Fed. Rep. 140), sustaining a demurrer to an indictment founded upon § 32 of the Criminal Code of March 4, 1909 (c. 321, 35 Stat. 1088, 1095). By that section these offenses are prohibited:

(1) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employé acting under the authority of the United States, or any department, or any officer of the Government thereof, and taking upon oneself to act as such.

(2) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employé, etc., and in such pretended character demanding or obtaining from any person or from the United States, or any department, or any officer of the Government thereof, any money, paper, document, or other valuable thing.

The indictment contains six counts, of which the first, third, and fifth are based upon the former, and the second, fourth, and sixth upon the latter of these prohibitions. The first count charges that defendant, with intent to defraud a certain person named, did falsely pretend to be an employé of the United States acting under the authority of the United States, to wit, an agent employed by the Government to sell a certain set of books entitled "Messages and Papers of Presidents," and did then and there take upon himself to act as such agent, in that he visited the person named and falsely pretended to him that he was such an employé of the United States, employed as aforesaid for the purpose aforesaid. The third and fifth counts differ only as to the names of the persons mentioned and the dates of the alleged offenses.

The second count charges that defendant, with intent to defraud a certain person named, did falsely pretend to be an employé of the United States acting under the authority of the United States, to wit, an agent employed by the Government to sell a certain set of books entitled "Messages and Papers of Presidents," and in such pretended character did obtain from the person named the sum of ten dollars, which he would not have given to defendant unless he had supposed him to be an employé of the Government, and had supposed that the money was to be paid over to the Government on account of the subscription price of the books, etc. The fourth and sixth counts are in like form.

It was and is admitted that there was not in existence such an employé or such an employment as it was alleged the defendant pretended.

The District Court held that the gist of the offense is the false personation of an officer or employé of the United States, and in order to constitute such an offense there must be personation of some particular person or class of persons, since there cannot be a false personation of a supposititious individual who never existed or whose class never existed. Upon this construction of the statute, all of the counts fell.

We think this is to read the act in too narrow a sense. Not doubting that a false personation of a particular officer or employé of the Government, or a false pretense of holding an office or employment that actually exists in the Government of the United States, is within the denunciation of § 32, we think it has a broader reach. No convincing reason is suggested for construing it more narrowly than the plain import of its language. To "falsely assume or pretend to be an officer or employé acting under the authority of the United States, or any Department, or any officer of the Government thereof," is the thing prohibited. One who falsely assumes or pre-

tends to hold an office that has a *de jure* existence is admittedly within its meaning. That is, where the assumption or pretense is false in part but contains a modicum of truth, the statute is violated. Why should it be deemed less an offense where the assumption or pretense is entirely false, as where the very office or employment to which the accused pretends title has no legal or actual existence? It is insisted that the words next following— "shall take upon himself to act as such, or shall in such pretended character demand or obtain," etc.—indicate an intent to punish only false personation of existing officers or employés, and not a false representation as to some supposititious employment by the Government. But to "take upon himself to act as such" means no more than to assume to act in the pretended character. It requires something beyond the false pretense with intent to defraud; there must be some act in keeping with the pretense (see *People* v. *Cronin*, 80 Michigan, 646); but it would strain the meaning of the section to hold that the offender must act as a veritable officer of the Government would act. And so, in the second branch of the section, the demanding or obtaining of the thing of value must be done "in such pretended character"—words that are far from importing that the office or employment must be one that is duly established by law.

It is said that to give to the statute the broader meaning extends it beyond the limitations that surround the power of Congress, and encroaches upon the functions of the several States to protect their own citizens and residents from fraud. We are referred to *United States* v. *Fox*, 95 U. S. 670, 672, where it was declared by Mr. Justice Field, speaking for the court: "An act committed within a State, whether for a good or a bad purpose, or whether with an honest or a criminal intent, cannot be made an offense against the United States, unless it have some relation to the execution of a power of Congress, or to some matter

within the jurisdiction of the United States. An act not having any such relation is one in respect to which the State can alone legislate." Accepting this criterion, the legislation now under consideration is well within the authority of Congress. In order that the vast and complicated operations of the Government of the United States shall be carried on successfully and with a minimum of friction and obstruction, it is important—or, at least, Congress reasonably might so consider it—not only that the authority of the governmental officers and employés be respected in particular cases, but that a spirit of respect and good-will for the Government and its officers shall generally prevail. And what could more directly impair this spirit than to permit unauthorized and unscrupulous persons to go about the country falsely assuming, for fraudulent purposes, to be entitled to the respect and credit due to an officer of the Government? It is the false pretense of Federal authority that is the mischief to be cured; of course, only when accompanied with fraudulent intent, but such a pretense would rarely be made for benevolent purposes. Now, the mischief is much the same, and the power of Congress to prevent it is quite the same, whether the pretender names an existing or a non-existing office or officer, or, on the other hand, does not particularize with respect to the office that he assumes to hold. Obviously, if the statute punished the offense only when an existing office was assumed, its penalties could be avoided by the easy device of naming a non-existent office.

Therefore, it seems to us, the statute is to be interpreted according to its plain language as prohibiting any false assumption or pretense of office or employment under the authority of the United States, or any Department or officer of the Government, if done with an intent to defraud, and accompanied with any of the specified acts done in the pretended character, and the District Court

erred in attributing to the Act a more restricted meaning.

We think there was further error in the ruling of the court that the even-numbered counts must fall for the reason, as expressed in the opinion, that there was no allegation to sustain a charge that the person alleged to be defrauded was deprived of any right, interest, or property, or that he was cheated or overreached. In this the court followed *United States* v. *Rush,* 196 Fed. Rep. 579.

Since our review, under the Criminal Appeals Act, is confined to passing upon questions of statutory construction, we are not here concerned with the interpretation placed by the court upon the indictment. *United States* v. *Patten,* 226 U. S. 525, 535, and cases cited. We must, for present purposes, accept that interpretation, hence we express no opinion as to whether the District Court erred in holding that the even-numbered counts did not allege a consummated fraud. The question with which we have to deal is whether the second branch of § 32 of the Criminal Code, upon which the even-numbered counts are founded, requires that the fraud shall be consummated, with consequent injury to the party defrauded, in order that the offense shall be complete.

It has been held that in an indictment under § 5440, Rev. Stat., for a conspiracy to defraud the United States, it is not essential that the conspiracy shall contemplate a financial loss, or that one shall result; and that the statute is broad enough to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any Department of the Government. *Haas* v. *Henkel,* 216 U. S. 462, 479. And with respect to § 5418, Rev. Stat., prohibiting the forging of any public record "for the purpose of defrauding the United States," a similar decision was reached. *United States* v. *Plyler,* 222 U. S. 15.

Like reasoning, we think, must be applied to § 32 of

the Criminal Code, whether the United States, or "any person," be the intended victim. If, with intent to defraud, and by falsely assuming or pretending to be an officer or employé acting under the authority of the United States, the accused shall, in the pretended character, have demanded or obtained any money, paper, document, or other valuable thing, the offense is complete, notwithstanding some valuable consideration was offered or given by the pretended employé for that which he demanded or obtained. It is the aim of the section not merely to protect innocent persons from actual loss through reliance upon false assumptions of Federal authority, but to maintain the general good repute and dignity of the service itself. It is inconsistent with this object, as well as with the letter of the statute, to make the question whether one who has parted with his property upon the strength of a fraudulent representation of Federal employment, has received an adequate *quid pro quo* in value, determinative. Of course, we do not mean to intimate that it may not in a proper case be taken into consideration as a circumstance evidential upon the question of intent.

The judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*

MR. JUSTICE McREYNOLDS took no part in the consideration or decision of this case.