## UNITED STATES v. TYNAN.

### SAME v. BOYLAN.

(District Court, S. D. New York. February 27, 1923.)

**1. Fraud ☞68 — What constitutes fraud against United States stated.**

Fraud against the United States need not necessarily involve loss of either money or property, but is committed when an unlawful activity is engaged in for the purpose of frustrating the proper administration of a statute or to impair the functions of government.

**2. Forgery ☞17—Possession with intent to utter, of forged physician's prescriptions for liquor, held to constitute offense of attempting to defraud United States.**

An indictment charging defendant with possession, with intent to utter as true, of false and forged writings purporting to be prescriptions issued by various physicians, whose names were written thereon, for intoxicating liquor under the provisions of National Prohibition Act and regulations made thereunder, *held* to charge an offense under Criminal Code, § 28 (Comp. St. § 10192.)

**3. Intoxicating liquors ☞196—Criminal statutes may be resorted to for enforcement of Prohibition Act.**

With the exception of the crimes specified in Prohibition Act, the enforcement of the terms and provisions of the act is within the protection of the appropriate sections of the Criminal Code.

Criminal prosecutions by the United States against William Tynan and against Harvey P. Boylan. On demurrers to indictments. Overruled.

William Hayward, U. S. Atty., of New York City (John M. Cashin, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

M. Michael Edelstein, of New York City, for defendants.

KNOX, District Judge. An indictment has been filed in this court wherein it is charged that upon June 17, 1922, within the Southern district of New York, the defendant William Tynan unlawfully, willfully, and knowingly, for the purpose of defrauding the United States, and with the intent to utter as true, possessed certain falsely made, forged, and counterfeited writings purporting to be prescriptions issued by various physicians, whose names were written thereon, for intoxicating liquors, under the provisions of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and its accompanying regulations. It is further alleged that the writings were an imitation, and a counterfeit reproduction, of blanks, known as Form 1403, issued by the Treasury Department of the United States to physicians for use as prescriptions for intoxicating liquors, and bore certain specified book and blank numbers; that, as defendant well knew, the writings and blank forms had been made without the authority of the United States; and that the same were forged, in that the name of George S. Wolf appeared on the blanks as the signature of a physician, and had so been affixed without his knowledge or consent. Another indictment, essentially similar, has been returned against Harvey P. Boylan.

Each of the defendants has interposed a demurrer to the indictment filed against him. The basis of each demurrer is that the indictment, at which it is directed (1) fails to allege any fact showing by what means, method, or purpose the defendant undertook to defraud the United States, or how the government was or could be defrauded; (2) fails to show facts sufficient to bring it within any statute of the United States; (3) is vague,

indefinite, and uncertain, in failing to allege any fact by what means, method, or purpose the defendant undertook to defraud the government, or how it was or could be defrauded.

The indictments purport to be laid under section 28 of the federal Penal Code (Comp. St. § 10192), which, so far as is here material, provides that "whoever * * * shall have in his possession with intent to utter and publish as true any * * * false, forged, altered or counterfeited writing, for the purpose of defrauding the United States, knowing the same to be false, forged, altered," etc., "shall be * * *" punished in the manner presented by this section.

Pursuant to the provisions of the National Prohibition Act, and the rules and regulations promulgated thereunder, a lawful physician's prescription blank for intoxicating liquor, in the similitude of which the papers in the possession of each of the defendants were made, are issued only by the Prohibition Commissioner. Only physicians who have filed applications for, and obtained, permits to prescribe intoxicating liquor may lawfully utilize the said blanks. It is only upon the presentation of such proper blanks, made out and signed by an authorized physician, that a licensed retail druggist or pharmacist may lawfully sell intoxicating liquor, and then only in limited amounts. The issuance of such blanks, their proper use, and the records incident thereto, constitute the subject-matter of detailed and more or less intricate governmental records; the purpose being, of course, that the possibility of the unlawful sale of liquor by means of fraudulent prescriptions be reduced to a minimum.

Equipped, as was each of the present defendants, they, or any person to whom one of the forged writings should be delivered, might have gone to any licensed retail druggist or pharmacist, holding a permit to sell intoxicating liquor at retail, and procured a quantity of such liquors, to which neither of them nor any other person was entitled. Had this been done, who can properly say that it would not have amounted to a fraud upon the United States? An unauthorized person would thereby have been permitted to acquire intoxicating liquor contrary to the intent and spirit, if not the actual text, of the Prohibition Law. The government, by reason of the presentation to and acceptance by a retail druggist of one of the forged writings, would have a false record, in that the prescriptions are, in the course of business, ultimately filed with a government official, and are, I understand, used as a means of checking the proper disposition by druggists of such liquors as they are permitted to dispense.

[1] It has long been held that fraud against the United States need not necessarily involve loss of either money or property, and it is also the law that fraud is abundantly made out when an unlawful activity is engaged in for the purpose of frustrating the proper administration of a statute, or to impair the functions of government. Curley v. U. S., 130 F. 1, 64 C. C. A. 369; Haas v. Henkel, 216 U. S. 462, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; U. S. v. Barnow, 239 U. S. 74, 36 S. Ct. 19, 60 L. Ed. 155; Hamburg-American Steam Packet Co. v. U. S., 250 F. 747, 163 C. C. A. 79. The indictments, when read in the light of the Prohibition Act and its regulations, seem sufficiently definite and certain.

[2] As has been said, the indictments purport to allege a crime against section 28 of the Code. I have but little doubt that such is the fact, and, notwithstanding the decision in U. S. v. David Goodman and Nathan Hein, unreported, the facts there are easily distinguishable from those in the cases at bar. In the Goodman Case the permit of which the defendants had possession could serve no purpose in and of itself, even when presented to the licensed liquor dealer. It needed, as an accompaniment, a permit which should issue from and bear the approval of the prohibition director. In the cases under discussion, the prescriptions are themselves, when uttered and published as true, to a licensed druggist, sufficient to frustrate a governmental purpose and function with respect to the control and supervision of traffic in intoxicating liquors.

[3] Save in so far as the National Prohibition Act defined and provided for certain specified crimes, I think it evinced no purpose to limit or qualify offenses denounced by the Penal Code. There is no good reason apparent to me why, with the exceptions referred to, the enforcement of the terms and provisions of the act should not be within the protection of appropriate sections of the Code. The crimes specified in section 29 of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p) provide their own limitations, in that they are applicable only to violations of provisions of title 2 of the act, and they do not comprehend the offenses charged against these defendants.

Each of the demurrers is overruled.