## KELLY et al. v. UNITED STATES.
### No. 4373.

Circuit Court of Appeals, Third Circuit.
Jan. 6, 1931.

F. M. P. Pearse, of Newark, N. J. (Max Mehler, of Newark, N. J., on the brief), for appellants.

Phillip Forman, U. S. Atty., of Trenton, N. J., and John Grimshaw, Jr., Asst. U. S. Atty., of Paterson, N. J.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below, defendants were convicted on two counts of an indictment charging crimes noted in section 32 of the Criminal Code (18 USCA § 76), which reads: "Whoever, with intent to defraud * * * any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States * * * or shall in such pretended character demand or obtain from any person * * * any money * * * shall be fined." On sentence they appealed to this court, and the contention is now made that the trial judge should have given binding instructions on the supposed theory that, under the proofs, the defendants' acts were not covered by the statute quoted.

The proofs show the two defendants went to a roadhouse kept by a Mrs. Mathews and her husband. Both defendants testified they bought several drinks of whisky from her. Having this violation of law fixed upon her, what they did is shown by her testimony, which is as follows:

"They came in and bought a glass of beer and said they were Federal men * * * asked for beer, and I gave it to them. Then they said they were Federal men and showed me a badge. * * * They said that we had sold to the wrong people. * * * They wouldn't show the numbers on the badge. I asked them to. * * * They just said they were Federal men. * * * They stood around a few minutes, and then they said they would fix it up for $50. * * * I called my husband in.

"Q. You say you told your husband in the presence of these defendants that they demanded $50. Was that what you said? A. Yes, sir.

"Q. And then what happened? A. Well, I gave it to them and they went away.

"Q. You gave them the fifty dollars? A. And they went away.

"Q. Do you see these two men in the court room now? A. There is one, there is the other.

"By the Court. Q. Did they give you any reason why they wanted this money? A. Well, they said I sold them beer, and first they said it was against the law.

"Q. Well, were they to do anything for you in exchange for the money? A. Well, they said they could fix it up."

Her husband's testimony was:

"Q. And when you got inside, did you see these two defendants? A. Yes, sir.

"Q. And did they say anything to you? A. Yes, sir.

"Q. What did they say? A. They said, 'It looks as though we got it on to you brother.' He says, 'Your neighbors have made a complaint against you, but'—he says—'your wife has made us a proposition.' I says, 'What's the proposition?' 'Well, she offered us $50 if we would go away and not make any charge against her.' 'Well,' I said 'what if you do?' Well, he said, he had only had his job a short time and he didn't want to jeopardize his job, nor he didn't want to see me get in trouble. * * *

"Q. Which is Mr. Good? A. The stout man.

"Q. And he is the one who said what you have just said? A. Yes, sir.

"Q. And did he say what his job was? A. Yes, he told me he was a Federal man, showed me a badge. * * * I looked at it as much as I could. He kept his hand over the bottom of the badge so I couldn't see that."

Without entering into details, the proofs show the two defendants pursued practically the same course when they visited the Club Restaurant of Phillip Bligh, followed the same course of extortion they previously used on the woman. We have not overlooked the case of Fasulo v. United States, 272 U. S. 620, 47 S. Ct. 200, 201, 71 L. Ed. 443, from which counsel seek to charge the trial judge with error because under the foregoing proofs he refused to hold the defendants had not violated the statute quoted. It suffices to say that not the present statute but the

mail Fraud Act, section 215 of the Criminal Code (18 USCA § 338), was there considered, and the question there involved, as stated by the Supreme Court, was "whether the use of the mails for the purpose of obtaining money by means of threats of murder or bodily harm is a scheme to defraud within the meaning of that section" and the decision was that "the threats in question cannot fairly be held to constitute a scheme to defraud."

In the present case we have no such question, statute, or attempt to extort by mailing a letter, but we have the case of two men falsely pretending to be officers acting under the authority of the United States, and in such falsely pretended character demanding and obtaining money from the woman Mathews and the man Bligh. No more palpable case could be imagined of a violation of every element of section 32 for as said in U. S. v. Barnow, 239 U. S. 74, 36 S. Ct. 19, 21, 60 L. Ed. 155, "To 'falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the government thereof,' is the thing prohibited."

Nor have we overlooked the contention that the court below erred in receiving in evidence the badge containing a seal of the state of New Jersey, with the word "Investigator," and the letters "I. R. D. 536," upon it, which Kelly, one of the defendants, threw away when arrested. That they had some kind of badge and that they used it when they extorted the money was shown; that they kept their victims from seeing just what it was and that the attempt was made to throw some badge away when arrested were facts to be considered by a jury, and it was no abuse of discretion in the trial judge to admit the badge in evidence.

Without entering into further detail, we are satisfied the trial judge committed no error in refusing to hold the defendants had not violated the statute in question.