## KANE v. UNITED STATES.
### No. 11903.

Circuit Court of Appeals, Eighth Circuit.
June 23, 1941.

Anthony P. Nugent, of Kansas City, Mo., for appellant.

Richard K. Phelps, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., and Charles L. King, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER and JOHNSEN, Circuit Judges, and COLLET, District Judge.

JOHNSEN, Circuit Judge.

Defendant has appealed from his conviction by a jury, under Section 32 of the Criminal Code, 18 U.S.C.A. § 76, for impersonating an agent of the Department of Justice and obtaining written statements from witnesses on the false representation that he was conducting an investigation for that Department..

The only question presented is the sufficiency of the indictment. It is contended that the indictment is fatally defective because it does not charge (1) that defendant's acts were done "with intent to defraud", and (2) that, in impersonating a federal agent, defendant "did take upon himself to act as such officer."

The case is submitted here upon the primary record and briefs. The evidence and the trial court's instructions are not before us. The record shows that no attack was made upon the indictment in the trial court, and the question raised must therefore be considered in the light of this fact.

Section 32 of the Criminal Code, as amended, under which the indictment was drawn, provides: "Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, or under the authority of any corporation owned or controlled by the United States, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States, any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

The indictment, in so far as it is here material, alleged that defendant "did knowingly, falsely, and feloniously represent and pretend that he was an officer or employee of and acting under the authority of the United States Government, to wit, an agent of the Department of Justice, and did knowingly, falsely and feloniously represent and pretend that as an agent of the Department of Justice aforesaid, he was duly authorized and empowered to act in the capacity of an agent of the Department of Justice for the purpose of obtaining information for the use of the United States Government; and that in such pretended character aforesaid the defendant did knowingly, falsely, and feloniously * * * pretend and represent to one Henry Woodson that he was a duly authorized employee and agent of the Department of Justice of the United States and that he was in Kansas City, Missouri, for the purpose of conducting an investigation and obtaining information to be forwarded to the said Attorney General's office at Washington, D. C., and that it would be necessary that he obtain a written signed statement from the said Henry Woodson to be incorporated in a report to be made by the said defendant to the Attorney General's office in Washington, D. C., and the said Henry Woodson, believing and relying upon the pretensions and representations of said defendant aforesaid, did give to the said defendant and the said defendant did obtain from Henry Woodson a certain paper, to wit, a written statement signed by the said Henry Woodson." The indictment

also contained the formal allegation that such acts were "contrary to the form of the statute in such case made and provided".

To constitute a crime under Section 32, the acts proscribed necessarily must be done "with intent to defraud." United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155; United States v. McNaugh, 2 Cir., 42 F.2d 835. The primary purpose of an indictment has always been held to be to give the accused sufficient information to enable him to prepare his defense; and, in the first instance, therefore, every essential element of the crime has generally been required to be charged, not merely inferentially, but with reasonable certainty and directness. United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516; Baas v. United States, 5 Cir., 25 F.2d 294. And so, it may be that an indictment under Section 32, which does not allege an intent to defraud, in fairly specific terms, will be held bad, on objection promptly interposed in the trial court.

But, where the accused chooses not to make such an attack upon the indictment, and is content to proceed to trial on it, its sufficiency, as a basis for enabling him to prepare his defense, is no longer a dominant consideration. In these circumstances—unless an extreme situation is presented where prejudice is demonstrated by the record and, with a just regard for his civil rights, the appellate court is convinced that the accused ought not fairly to have been allowed to submit himself to trial on the indictment—the indictment will be examined on appeal from the standpoint only of the two remaining purposes that it is required to serve. These are that, like any judicial pleading, it must constitute a sufficient foundation for a judgment, and that it must adequately protect the defendant against another prosecution for the same offense. Compare Muench v. United States, 8 Cir., 96 F.2d 332, 335, and Claiborne v. United States, 8 Cir., 77 F.2d 682, 689. In testing the sufficiency of the indictment for these purposes, there is no sound reason why all the facts and elements of the crime should be required to be stated directly. When this stage of the inquiry is reached, reasonable inferences and clear implications from the allegations made are a legitimate aid to the indictment. Wishart v. United States, 8 Cir., 29 F.2d 103. "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 420, 76 L.Ed. 861. See also 18 U.S.C.A. § 556.[1]

The indictment here must be held sufficient as a foundation for a judgment, and adequate to protect defendant against another prosecution. It is specifically alleged that defendant falsely and feloniously pretended to be an agent of the Department of Justice, and that by his false and felonious representations he sought and obtained a written, signed statement from Henry Woodson, contrary to the form of the statute. In simple effect, this is a charge that defendant falsely and feloniously represented himself to be a federal officer, and by such means sought and obtained a written, signed statement from another person, in violation of the statute. As against an attack made after verdict, the branding of the impersonation, the representations to Woodson, and the obtaining of the written, signed statement, as knowingly false and felonious and contrary to the statute, to us imports definitely and exclusively an intent to defraud Woodson of the statement, and clearly not a benevolent purpose. To hold otherwise, after defendant without objection has seen fit to stand trial on the indictment, and has been convicted on evidence whose conclusiveness to establish all the elements of the crime he does not here challenge, would be to view his rights blindfoldedly. It would be creating for him, not an actual, but an artificial protection, and would enable him to make a mere game out of judicial proceedings.

The contention that the indictment is defective because it does not allege that, in impersonating a federal agent, defendant "did take upon himself to act as such officer", requires only brief discussion. Section 32 embodies two distinct offenses, one, with fraudulent intent, as-

---

[1] This section provides: "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant * * *."

suming or pretending to be a federal officer or agent and undertaking to act as such, and the other, with such intent and in such pretended character, demanding or obtaining any money, paper, document or other valuable thing. United States v. Barnow, supra; Elliott v. Hudspeth, 10 Cir., 110 F.2d 389, 390. The indictment here involved charged only the second offense under the statute, and the allegation that defendant "did take upon himself to act as such officer" was inapplicable.

What has been said controls also the two other counts of the indictment, upon which defendant was convicted. They were identical in language with that set out above, except as to the names of the persons from whom the statements were obtained. No separate discussion of these counts is necessary.

Affirmed.