## UNITED STATES v. MULLIN.
### No. 23473.

District Court, E. D. Missouri, E. D.
Sept. 7, 1943.

Harry C. Blanton, U. S. Dist. Atty., of St. Louis, Mo., for the United States.

Joseph M. Walsh, of St. Louis, Mo., for defendant.

HULEN, District Judge.

This is a prosecution under Section 28 of the Federal Penal Code, 18 U.S.C.A. § 72. The indictment is in two counts. The first count charges forgery of gasoline rationing coupons, with intent to defraud the United States. The second count charges possession of gasoline rationing coupons, with like intent, by uttering and publishing.

Defendant demurs to each count of the indictment on the ground that the allegations are insufficient to charge a crime under Section 28 of the Code. It is defendant's position that the statute (Section 28) specifies certain papers and documents, the counterfeiting of which is made a crime, and that gasoline rationing coupons, named in the two counts of the indictment, are not included within the language of the statute.

Section 28 of the Penal Code, material to the question presented, provides that: "Whoever shall falsely * * * counterfeit * * * any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing for the purpose of defrauding the United States * * * or have in his possession with the intent to utter or publish as true, any such false, forged * * * for the purpose of defrauding the United States, knowing the same to be false, forged, altered, * * *" shall be punished in the manner prescribed in the section.

The two counts of the indictment follow the language of the statute. The form of the indictment is not challenged.

Defendant's motion calls for an answer to two questions: (1) Does the Statute include gasoline rationing coupons? (2) Does the indictment charge a fraud against the United States?

(1) The defendant asserts that the doctrine of ejusdem generis should apply in determining whether the words "other writings", appearing at the end of the list of specific writing or documents listed, include gasoline rationing coupons, that since gasoline rationing coupons have no reference to the specific writings or instrument named in the statute, the statute does not cover the instant case.

The term "other writing" contained in the statute, Sec. 28, has been held to apply to the issuance of a forged "receipt for payment of taxes" by a person impersonating a Federal employee (United States v. Goldsmith, 2 Cir., 68 F.2d 5, 6); to forged

letters to American Consul to induce the Consul to accept and issue a visa and a passport so that an alien might be admitted to the United States (Goldsmith v. United States, 2 Cir., 42 F.2d 133); to possession of forged writing, purporting to be a prescription for intoxicating liquor, under the provisions of the National Prohibition Act, 27 U.S.C.A. § 1 et seq. (United States v. Tynan, D.C., 6 F.2d 668).

The foregoing cases appear to be in point. In the case involving possession of forged liquor prescriptions the forms were issued by the Federal Government. They were necessary to lawfully obtain liquor from private dealers just as gasoline rationing coupons are printed by the Federal Government and are necessary to lawfully obtain gasoline from private dealers.

 Upon the authority of the opinions referred to, it is my opinion that the forging and possessing of gasoline rationing coupons, with intent to utter and publish same as true and with the intent to defraud the United States by impairing the function of the Government, is an offence covered by Section 28 of the Federal Penal Code.

 (2) In determining if the indictment charges a fraud against the United States, it is not necessary to find that the act charged will result in a financial or property loss to the United States.

The Supreme Court of the United States construed the statute in question in the case of United States v. Plyler, 222 U.S. 15, 32 S.Ct. 6, 56 L.Ed. 70. In that case the District Court held that an indictment for forging vouchers (certifying to the character of the applicant) required on examination by the Civil Service Commission of the United States did not charge a fraud against the United States. The Supreme Court reversed the holding of the lower court and held that "it now must be regarded as established that 'it is not essential to charge or prove an actual financial or property loss to make a case under the statute.' The section covers this case."

There are numerous decisions (under Section 28 of the Federal Code) that such fraud is abundantly made out when an unlawful activity is engaged in for the purpose of frustrating the proper administration of the statute, or to impair the function of the government.[1]

Will the effect of forging gasoline rationing coupons and possessing such coupons, with the intent to utter and publish them as true, impair the function of the government or frustrate the proper administration of one or more of its statutes?

 The Federal Government has undertaken to regulate the consumption of gasoline for civilian use by the issuance of gasoline rationing coupons through the Office of Price Administration. This activity is authorized by a Federal statute. Restricted use of gasoline by the civilian population has been declared necessary in order that there be a sufficient quantity of the product for the armed services directly engaged in prosecuting the war. Gasoline rationing coupons are the property of the Federal Government. The issuance of gasoline coupons and keeping of records incident thereto constitute the subject matter of detailed governmental records and activities. The forging and knowingly circulating of forged gasoline rationing coupons under conditions now existing (on the date set out in the indictment) is sabotage. Such activity interferes with the war effort. It cannot be contemplated to have any other purpose. Engaged in to a sufficient extent it could and would deprive the armed services of necessary supplies. Those who forge or have in their possession forged gasoline rationing coupons, knowing them to be forged, and for the purpose of using them to obtain gasoline are frustrating the proper administration of a statute * * * and are impairing the functions of government.

The fact that the defendant, if he did forge or possess forged gasoline rationing coupons as charged, did not intend the loss of either money or property to the United States does not mitigate the crime under the statute. The defendant is charged with an act which, if true, was intended to impair the function of the government in a most critical respect, namely, the war effort.

 Defendant claims that the gasoline rationing coupons named in the indictment were invalid because merely "loose" cou-

[1] Curley v. United States, 1 Cir., 130 F. 1, 64 C.C.A. 369; Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569, 17 Ann.Cas. 1112; United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155; Hamburg-American Steam Packet Co. v. United States, 2 Cir., 250 F. 747, 163 C.C.A. 79.

pons and of themselves not usable because not attached to a book. This does not present a question that can be answered by an examination of the indictment. It is one of proof. It may or may not present a defense at the trial.

 The Government charges fraud and will be required to prove each element constituting the offense, one of which shall be that the "writing" constituting the forgery charged was capable of being the agency that could defraud the Federal Government.

The demurrer is overruled as to Count One and Two of the indictment.