### UNITED STATES v. HALL.
No. 40213.

District Court, E. D. New York.
Dec. 14, 1944.

impair the functions of government. Curley v. United States [1 Cir.], 130 F. 1, 64 C.C.A. 369; Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569, 17 Ann.Cas. 1112; United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155; Hamburg-American Steam Packet Co. v. United States [2 Cir.], 250 F. 747, 163 C.C.A. 79."

The defendant will not be permitted to testify that he did not intend to defraud the United States when his admitted acts constituted such defrauding.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Maurice Z. Bungard, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Frank R. Serri, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

The defendant is charged with violation of 18 U.S.C.A. § 72. He is charged with wilfully, feloniously and falsely forging prescriptions for narcotic drugs and uttering same for the purpose of defrauding the United States.

The defendant freely admits that he forged prescriptions for narcotic drugs and that he uttered same. He testified that he has been a drug addict since 1918, that he is suffering from bronchial asthma. In justification for forging prescriptions and uttering them he attempted to testify that he required narcotic drugs to alleviate his suffering from bronchial asthma. This testimony was excluded. It is the defendant's contention that he had no intention of defrauding the United States in forging these prescriptions and uttering the same. He admits that the prescriptions were filled by a druggist and that he received the narcotic drugs. The crime is complete. The law infers the intent to defraud from the defendant's acts.

It has properly been held in United States v. Tynan, D.C., 6 F.2d 668, 669, that:

"It has long been held that fraud against the United States need not necessarily involve loss of either money or property, and it is also the law that fraud is abundantly made out when an unlawful activity is engaged in for the purpose of frustrating the proper administration of a statute, or to