UNITED STATES of America
v.
Allen Gibraltar HARRIS.
Crim. No. 25685.

United States District Court
D. Maryland.
Aug. 17, 1963.

Joseph D. Tydings, U. S. Atty., and Stephen H. Sachs, Asst. U. S. Atty., Baltimore, Md., for United States.

Allen Gibraltar Harris, pro se.

THOMSEN, Chief Judge.

The eighth petition for relief under 28 U.S.C.A. § 2255, filed by Harris on June 13, 1963, embodying the point raised by his letter of May 13, 1963, presents the question whether one who falsely assumes or pretends to be a Lieutenant Colonel in the United States Air Force Reserves and acts as such violates the provisions of 18 U.S.C.A. § 912, upon which the second count of the indictment herein was based, in view of the provisions of 5 U.S.C.A. (Supplementary Pamphlet) 30r(d).[1]

18 U.S.C.A. § 912 provides:

"Officer or employee of the United States.

"Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

The second count of the indictment herein read:

"And the Grand Jury for the District of Maryland further charges:

"On or about the 4th day of August, 1961, at Baltimore, in the State and District of Maryland, ALLEN

---

1. Since the point has been fully briefed by Harris and by the Government, it is not necessary to have an argument in open court.

GIBRALTAR HARRIS, also known as GREG HARRIS, GREGORY HARRIS, did falsely assume and pretend to be an officer and employee acting under the authority of the United States, to wit, a Lieutenant Colonel in the United States Air Force Reserve, and did act as such. U.S.C., T. 18, Sec. 912."

5 U.S.C.A. § 30r(d) provides:

"When he is not on active duty, or when he is on active duty for training, a Reserve is not considered to be an officer or employee of the United States or a person holding an office of trust or profit or discharging any official function under, or in connection with, the United States because of his appointment, oath, or status, or any duties or functions performed or pay or allowances received in that capacity."

Although the latter section is broadly worded, its legislative history and its position in the Code indicate that Congress intended it to be of limited application, and did not intend it to eliminate from the coverage of 18 U.S.C.A. § 912 a group of persons—reserve officers and enlisted personnel in the various Armed Forces Reserves—who are quite as clearly within the purpose of 18 U.S.C.A. § 912 as officers and enlisted personnel in the active Armed Forces.[2]

Section 30r of Title 5 U.S.C. is one of a series of statutes dealing with leaves of absence, annual leave and sick leave of various Government employees. In the Code sec. 30r is headed "Reserves and National Guardsmen". In the Statutes at Large, 70A Stat. 632, the heading is "Reserves and National Guardsmen Who Are Federal Employees". Section 30r has four subsections: (a) is headed and deals with "Leave of absence when on active duty or engaged in field or coast defense training"; (b) is headed and deals with "Restoration of civilian position"; (c) is headed "Acceptance of civilian position; pay and allowances;

practice before Federal departments" and reads as follows: "Any Reserve or member of the National Guard may accept any civilian position under the United States or the District of Columbia and may receive the pay incident to that employment in addition to pay and allowances as a Reserve or member of the National Guard. Membership in a reserve component of the armed forces or in the National Guard does not prevent a person from practicing his civilian profession or occupation before, or in connection with, any department of the United States."; (d) has been quoted above.

In the Senate Report on the bill which became the Act of Aug. 10, 1956, 70A Stat. 1 et seq., and embodied a Revision of Titles 10 and 32, U.S. Code, Sen.Rep. 2484, 84th Cong., 2d Sess., the relevant portion of the report, pp. 741–2, U.S. Code Congressional and Administrative News 1956, p. 4632, dealing with what is now codified as sec. 30r, but was then referred to as sec. 29, was headed "Reserves and National Guardsmen Who Are Federal Employees" and read as follows:

"In subsection (a), the words 'active duty' are substituted for the words 'active duty for training, or active duty, or to duty with troops or at field exercises, or for instruction', in 10:371, to conform to the terminology of title 10, United States Code. The words 'ordered or authorized', in 32:75, are omitted as surplusage. The words 'sections 502–505 of title 32, United States Code' are substituted for the words 'under the provisions of this title', in 32:75, since the provisions relating to those duties are now contained in those sections.

"In subsection (b), the words 'is entitled to be' are substituted for the words 'shall * * * be', in 10:371 and 32:75.

"Subsection (c) is restated as a positive rule of law to make express

---

**2.** United States v. Barnow, 239 U.S. 74, 80, 36 S.Ct. 19, 60 L.Ed. 155; United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 87 L.Ed. 1091.

the rights of Reserves and members of the National Guard with respect to civilian employment.

"In clause (d), the words 'or when he is on active duty for training' are inserted for clarity. The word 'Government' is substituted for the words 'any department or agency'. The word 'because' is substituted for the words 'solely by reason'. The words 'in that capacity' are substituted for the words 'as such' after the word 'received'. The words 'held or', 'commissions', and 'as such', after the word 'status', are omitted as surplusage.

"This section is not enacted as a part of title 32, since it is of *limited applicability*." (Emphasis supplied)

The limited applicability referred to by the Senate is apparently to such matters as leaves of absence, conflicts of interest, and similar matters dealt with in Title 5, U.S. Code, where the section has been codified as a result of the recommendation contained in said Senate Report, p. 17. This is confirmed by the Act of July 9, 1952, ch. 608, 66 Stat. 495, which enacted the present subsections (c) and (d) alone under the heading "Civil Employment".

Other arguments made by the Government in its answer to the pending petition support this conclusion.

\*

The eighth petition also contains allegations of an alleged conspiracy between an Assistant United States Attorney and an agent of the Federal Bureau of Investigation which are impertinent and frivolous, and could not be the basis for any relief in this case even if the Court had construed 5 U.S.C.A. § 30r (d) as contended for by Harris.

\*

Moreover, Harris was convicted not only of the offense charged in the second count, but also of the offense charged in the first count, which was based on 18 U.S.C.A. § 1001, and is not affected by the present motion. The

sentence imposed was imprisonment for thirty (30) months on each count, the terms to run concurrently from November 3, 1961; so, he would not be entitled to release from confinement even if his conviction under the second count were improper.

The petition of June 13, 1963, as supplemented and amended, is hereby dismissed.