**Ray CARUSO and Donald V. Ostergard,
Appellants,**

v.

**UNITED STATES of America,
Appellee.**

**No. 26693.**

United States Court of Appeals
Fifth Circuit.

June 9, 1969.

Rehearing Denied Sept. 3, 1969.

Frank E. Freeman, Charles W. Herr, Miami, Fla., for appellants.

William A. Meadows, Jr., U. S. Atty., J. V. Eskenazi, Noel E. Sonnett, Asst. U. S. Attys., Miami, Fla., for appellee.

Before WISDOM and MORGAN, Circuit Judges, and DAVIS,* Judge of the United States Court of Claims.

PER CURIAM:

Ray Caruso was charged with obtaining $3,650 from Robert Norman in violation of 18 U.S.C. § 912. Donald Ostergard was charged with aiding and abetting Caruso. Section 912 provides as follows:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both. June 25, 1948, c. 645, 62 Stat. 742.

The district court, sitting without a jury, adjudicated the defendants guilty as charged.

On appeal, the defendants' principal contention is that the Government failed to establish that Caruso pretended "to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof" and "in such pretended character" obtained money from Norman.

The evidence shows that the defendants' scheme was based on the misrepresentation that Caruso was the Administrator of the Veterans Hospital in Coral Gables, Florida. First, Ostergard conned Norman into believing that Caruso, as Administrator, ran a betting pool at the hospital as good therapy for the patients. Ostergard offered to take Norman in as a partner in the betting pool. After a meeting with Caruso, who held himself out as the Administrator, Norman agreed to participate. "By golly", he testified, "if [Caruso] is the Administrator, he must be a responsible man * * * [c]ertainly he's not a racketeer". Norman's naivete cost him $3,650 as his share of the losses the pool allegedly suffered. On these facts and on the record as a whole, we conclude that the evidence supports the judgment below.

We find no merit in the appellants' second point that the Government

failed to show that the office of administrator existed. "It is immaterial whether or not there was any government officer or employee with the precise title [the defendant] assumed * * *." Brafford v. United States, 6 Cir. 1919, 259 F. 511, 513.

The judgment is affirmed.