**UNITED STATES, Appellee,**

v.

**Private E–1 Charles E. REECE, Jr., SSN 366–62–3473, United States Army, Appellant.**

**CM 440404.**

U. S. Army Court of Military Review.

16 Dec. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Jessica A. Polley, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

Appellant was convicted of arson, unlawful entry, and impersonation of a commissioned officer in violation of Articles 126 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 926 and 934 (1976). His sentence, adjudged and approved, provides for confinement at hard labor for eight months and forfeiture of $200.00 pay per month for eight months. The Judge Advocate General has directed that this case be reviewed by this Court pursuant to Article 69, UCMJ, 10 U.S.C. § 869 (1976).

Three errors are assigned on appeal. First, appellant attacks the sufficiency of the evidence to support his conviction of arson and impersonation of an officer. Second and third, appellant contends that the Government has failed to state an offense in the specifications alleging unlawful entry, (Specification 1 of Charge II), and impersonation of an officer, (Specification 2 of Charge II). We reverse in part.

### I

■ With regard to the evidentiary sufficiency of the arson and impersonation offenses, appellant asks us to find that his intoxication during the commission of these offenses deprived him of the necessary specific intent. The court members who saw and heard the witnesses apparently determined that appellant, though drunk, was aware of his acts and their probable consequences. This finding is not surprising. The evidence adduced at trial reveals appellant was able to converse coherently with the gate guards when purporting to be a lieutenant in a tank company in order to get a ride to the barracks. He knew that as an officer he probably could get government transportation from the main gate to his quarters, whereas as an enlisted man he could not. With regard to the arson of an automobile, the evidence shows that appellant was able to manipulate and enter a locked car, empty the contents of a glove box, and set them on fire within the car and then exit the vehicle. When discovered by the owner of the car, appellant fled and was

able to elude his pursuer for several hundred yards.

These facts and others convince us that the appellant was aware of and intended the natural and probable consequences of his acts.

## II

■ The appellant is correct in asserting that an automobile is not included in the protected structures into which unauthorized entry is prohibited by the Code. *United States v. Wright*, 5 M.J. 106 (C.M.A. 1978); *United States v. Gillin*, 8 U.S.C.M.A. 669, 25 C.M.R. 173 (1958).* The specification alleging unlawful entry does not state an offense under the Code and the findings of guilty of that charge must be reversed. We will take appropriate action in our decretal paragraph.

## III

■ Citing *United States v. Yum*, 10 M.J. 1 (C.M.A.1978) appellant asserts Specification 2 of Charge II, alleging impersonation of an officer, is legally insufficient because it fails to allege an overt act aside from mere impersonation. The specification at issue alleges that the appellant "did at Fort Hunter Liggett, California, . . . wrongfully, willfully, and unlawfully, impersonate a commissioned officer of the Army by representing himself to be a lieutenant in Armor Company C to Private First Class Gary Chamberlain and Private Delores A. Maye." Does *Yum* require reversal? Adopting the logic of our brothers in the recent opinion of *United States v. Wesley*, 12 M.J. 664 (A.C.M.R.1981), we think not.

In *United States v. Yum, supra*, the Court of Military Appeals held that impersonation of a Criminal Investigation Division agent, under Article 134, requires allegation both of the pretense of authority and a showing of an act which was something more than merely an act in keeping with the falsely assumed character. The form specification in *Yum*, as in the instant case,

was apparently drawn from Appendix 6c, specification 155, Manual for Courts-Martial, United States, 1969 (Revised edition). In *Yum*, however, the appellant did not fall within the category of persons specifically enumerated in the Manual provision, i.e., an officer, warrant officer, noncommissioned officer, or petty officer. Rather, it was alleged that Yum represented himself to be an "agent of superior authority." Chief Judge Everett, writing in a concurring opinion, expressed the court's concern, "because of the uncertainty as to the meaning of this phrase in the Manual, there is less occasion than would otherwise exist to resolve any ambiguity of the specification in favor of the Government" *id.* 10 M.J. at 5. The court thereupon looked to the parallel federal statute and the language of 18 U.S.C. § 912 which extended to anyone who "falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof."

The court drew heavily on the case of *United States v. Rosser*, 528 F.2d 652 (D.C. Cir.1976), which announced that, to be liable under the federal statute, an accused must have engaged in overt acts related in some way to the type of activity performed by the person impersonated. In *Rosser* the court was careful to delimit the requirement of specificity of such an allegation. An overt act need not be explicitly alleged. It is sufficient if the allegation implicitly asserts the authority that the impersonator claims to have by virtue of the office he pretends to hold. *Id.* 528 F.2d at 656.

In the present case, the specification alleged did not suffer from the deficiencies found in *Yum*. The specification alleged that the appellant represented himself to be a commissioned officer in the United States Army. An officer clearly falls within the prohibited category of persons who under the Manual provisions "cannot be impersonated with impunity." It therefore satisfies the pretense of authority requirement.

---

* An unlawful entry of an automobile may be charged as a violation of an assimilated state law where applicable. *United States v. Wright,*

5 M.J. 106 (C.M.A.1978); *United States v. Sellars*, 5 M.J. 814 (A.C.M.R.1977).

The specification further alleged that this representation was made to two enlisted members, Private First Class Chamberlain and Private Maye. This latter allegation is sufficient to establish that the appellant was acting "as such." By representing himself to enlisted members to be an officer, the appellant openly and clearly claimed authority which an enlisted member is required to respect. While it would have been preferable to have explicitly alleged the claimed authority derived from the office the appellant pretended to hold, this omission was not fatal. That the general language of this specification does not allege that the enlisted members were deceived in any way or that the appellant by acting "as such" obtained anything of value, is of no importance since neither the Federal statute nor the form specification require such. *United States v. Lepowitch*, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943); *United States v. Barnow*, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155 (1915); *United States v. Wight*, 176 F.2d 376 (2d Cir. 1949); *United States v. Messenger*, 2 U.S.C.M.A. 21, 6 C.M.R. 21 (1952).

Proscribing the nature of the appellant's acts in this case serves to protect the governmental interests that the framers of the code sought to preserve. It hardly bears repeating that the purpose of Article 134 is to punish conduct prejudicial to the good order and discipline of the Armed Forces. A spirit of confusion and disorder and lack of discipline in the military would ensue if enlisted members were permitted under pretense of authority to assume the role of officers or masquerade as persons of higher rank. *United States v. Messenger, supra*, 2 U.S.C.M.A. at 26, 6 C.M.R. at 25; *United States v. Wesley, supra*.

The findings of guilty of Specification 1 of Charge II is set aside and the charge is dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.