### LITTELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1909.)

No. 1,665.

1. FALSE PRETENSES (§ 19*)—UNITED STATES' OFFICERS—EVIDENCE.

Evidence *held* to warrant a finding that prosecutrix relied on defendant's representations that he was an officer of the United States in extending credit to him and in loaning him money.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 23, 24; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FALSE PRETENSES (§ 19*)—STATUTES—CONSTRUCTION.

A statute provides that every person, who, with intent to defraud either the United States or any other person, pretends to be an officer or employé of the United States, and who in such pretended character shall demand or obtain from any person any money or other valuable thing, shall be deemed guilty, etc. *Held*, that the gist of the offense is false personation of an officer of the United States, and that the section is not limited to the extortion of money or property from another by the assertion of a claim for money or property due or owing the United States which the defendant in his pretended official capacity represents it is his duty to collect.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 23, 24; Dec. Dig. § 19.*]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington.

The plaintiff in error was convicted upon an indictment drawn under Act April 18, 1884, c. 26, 23 Stat. 11 (U. S. Comp. St. 1901, p. 3679), which charged that, with intent to defraud one Josephine C. Dabney, he falsely assumed and pretended to be an officer and employé, acting under authority of the United States and of the Treasury Department thereof, to wit, as an officer of the United States Secret Service, and in such pretended character as such officer and employé as aforesaid, did unlawfully, knowingly, and feloniously demand and obtain from said Josephine C. Dabney a thing of value, to wit, etc. There were four counts, charging, respectively: First, that he obtained board and lodging at the house of the prosecuting witness of the amount and value of $30; second, that he obtained of her $2 in money; third, that he obtained of her $5 in money; fourth, that he obtained of her $600 in money. The evidence was that Josephine C. Dabney, with her two daughters, aged 16 and 17 years, conducted a rooming house in Seattle, Wash., for the support of herself and her daughters, and that they had no other means of support. In answer to a matrimonial advertisement which she published in a newspaper, the plaintiff in error appeared at her house, and by way of reference stated that he was an officer of the United States Secret Service, and was then in Seattle to superintend and hasten the work on the Federal building, and other works which the government was then constructing. He made arrangement with Mrs. Dabney for board and lodging at her house at $6 a week. Subsequently he borrowed from her the sum of $2, and later the sum of $5. About four weeks after he first appeared at her house, Mrs. Dabney sold out her lodging house business, obtaining therefor the sum of $950, and upon the application of the plaintiff in error, and his representation that, if he had $600 available at once, he could make an excellent investment, she loaned to him $600, for which he gave her a draft on a man in Detroit who, he said, was his father.

F. H. Holzheimer and W. A. Holzheimer, for plaintiff in error.

Elmer E. Todd, U. S. Atty., and Charles T. Hutson, Asst. U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff in error contends that there was no evidence to go to the jury to show that Mrs. Dabney relied upon the representations of the plaintiff in error that he was an officer of the United States in extending credit to him and loaning him money, and that the evidence shows, on the other hand, that the credit was given and money was loaned on other considerations, especially upon consideration of the

relations resulting from the answer of the plaintiff in error to the advertisement of Mrs. Dabney and his subsequent engagement of marriage with her. This contention is not sustainable. An examination of the record produces the conviction that the plaintiff in error, before going to Mrs. Dabney's house, deliberately planned to impersonate an officer of the United States falsely for the purpose of cheating Mrs. Dabney. He took pains to arm himself with indicia of the office which he claimed to hold. He brought to her house packages of papers which he exhibited to her and declared to be government papers. He displayed to her a badge which he represented to be the badge of his office. He often referred to the government property which he said was in his custody, to the burdens of his official duties, and to his anxiety about the Federal building and the delay in its construction. All of these things were sufficient to impose upon a woman of the education, experience, and intelligence of Mrs. Dabney, and it is no answer to their inculpating effect to say that she omitted to take precautions to verify the statements, and that the falseness thereof might have been readily ascertained. She testified that she believed them and relied upon them in advancing money and extending credit. It is argued that in making the $600 loan to the plaintiff in error Mrs. Dabney relied upon other security than his representations, to wit, upon the draft which he drew; but what security was his draft? It was nothing more than his promissory note would have been, and Mrs. Dabney testified expressly that in lending him the money she relied, not upon the draft, but upon the standing of the plaintiff in error as an officer of the United States.

The only remaining question in the case which requires discussion is whether or not the facts proven constitute the offense which is defined in the statute which reads as follows:

"That every person who, with intent to defraud either the United States or any person, falsely assumes or pretends to be an officer or employé acting under the authority of the United States, or any department or any officer of the government thereof, and who shall take upon himself to act as such, or who shall in such pretended character demand or obtain from any person or from the United States, or any department or any officer of the government thereof, any money, paper document, or other valuable thing, shall be deemed guilty," etc.

The plaintiff in error, if guilty, is to be held so for violation of the latter clause of the statute, in that "in such pretended character" he obtained money or credit, or both, from Mrs. Dabney. The statute is so worded as to suggest the inquiry whether or not it was the intention of Congress to limit the wrongful act to the extortion of money or property from another by way of asserting a claim for money or property due or owing the United States which, in his pretended official capacity, the accused represents that it is his duty to collect. The language used is comprehensive enough, we think, to show that it was the intention to include the false impersonation of an officer of the United States for the purpose of obtaining money "from any person," and that the gist of the offense is not the demanding or obtaining of the money or other thing of value of another. If it were, there might be doubt whether the act, although done with crim-

inal intent, could be made an offense against the United States, for the reason that it has no relation to the execution of any of the powers of Congress or to any matter within the jurisdiction of the United States; but the gist of the offense is the false impersonation of an officer of the United States. The false impersonation of another was made punishable at common law, and Congress undoubtedly has the power to punish the false impersonation of an officer of the United States. It has seen fit to limit punishment to cases where the criminal intent of such impersonation is evidenced by certain acts which the statute defines. This construction of the statute is in harmony with every reported decision in which it has been brought under consideration. United States v. Taylor (D. C.) 108 Fed. 621; United States v. Ballard (D. C.) 118 Fed. 757; United States v. Farnham (D. C.) 127 Fed. 478.

The judgment is affirmed.