## BRAFFORD v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1919.)

No. 3272.

1. **FALSE PRETENSES** ⊜⟶35—PERSONIFICATION OF OFFICER OF UNITED STATES —INDICTMENT.

Under Criminal Code, § 32 (Comp. St. § 10196), it is an offense if one pretending to be an officer of the United States obtains property in such pretended character, and hence an indictment charging that accused fraudulently obtained money and property by falsely representing himself to be an officer and employé of the United States is sufficient, though not further alleging that accused took upon himself to act as such officer and while so acting obtained property.

2. **FALSE PRETENSES** ⊜⟶38—VARIANCE.

Where an indictment charging that accused, falsely representing himself to be an officer of the United States, obtained money and property from the Lockwood Automobile Company and the Owl Auto Company, there was no variance between the indictment and the proof, that showed that the first-named automobile company was a corporation, while the latter was merely a trade-name under which an individual carried on his business.

3. **FALSE PRETENSES** ⊜⟶49(1)—OBTAINING MONEY BY REPRESENTING TO BE OFFICER OF UNITED STATES—EVIDENCE—SUFFICIENCY.

In a prosecution under Criminal Code, § 32 (Comp. St. § 10196), against one who gave a worthless check for gasoline which he obtained on Sunday despite war time regulations, by representing that he was a government inspector, called to inspect hoof and mouth diseased cattle, at a point to reach which he claimed not to have sufficient gasoline, evidence *held* to warrant plaintiff's conviction; it being immaterial whether or not there was a government officer by the title assumed.

4. **FALSE PRETENSES** ⊜⟶19—OBTAINING PROPERTY BY FALSELY REPRESENTING TO BE OFFICER OF THE UNITED STATES—DEFENSES.

Where defendant obtained gasoline on Sunday despite war time regulations, representing that he was a government inspector, and the check he gave for the same was dishonored, it is not essential to conviction that the seller should have parted with the property on the credit of the United States; it being enough that the seller would not have accepted check from a stranger, but that he believed the check would be paid in view of defendant's representations.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

E. K. Brafford was convicted of a violation of Criminal Code, § 32, and he brings error. Affirmed.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN and DENISON, Circuit Judges, and HOL-LISTER, District Judge.

KNAPPEN, Circuit Judge. Section 32 of the Criminal Code of the United States (U. S. Comp. Stat. § 10196), as construed in United States v. Barnow, 239 U. S. 74, 36 Sup. Ct. 19, 60 L. Ed. 155, prohibits two offenses: (1) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an offi-

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cer or employé acting under the authority of the United States, or any department, or any officer of the government thereof, and taking upon oneself to act as such; and (2) with intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employé, etc., and in such pretended character demanding or obtaining from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing.

Plaintiff in error was indicted under this section. The first count, stripped of redundancy, charges, in substance, that the accused, with intent to defraud the Lockwood Automobile Company, of Memphis, Tenn., and others, falsely pretended to be an officer and employé of the United States, acting under its authority, and especially under the authority of its Department of Agriculture (specifically, pretending to be a regularly and duly appointed inspector of cattle and live stock infected with foot, mouth, and other diseases), and by so falsely representing himself to be such officer and employé fraudulently obtained from the Lockwood Automobile Company a certain quantity of gasoline and other property. The second count differs from the first, so far as material and substantial, only in charging the fraudulent obtaining of money and other property from the Owl Auto Company, at Memphis, Tenn. A motion to quash the indictment and a motion made at the close of the trial to direct verdict for defendant were overruled. Following conviction upon both counts, defendant's motion in arrest of judgment was denied.

[1] 1. The motion to quash the indictment was properly overruled. The argument pressed here seems to be in substance that the mere impersonation of an officer of the United States government is not an offense under section 32, and that the indictment is defective in failing to charge that the accused "took upon himself to act as such inspector" and "while so acting" obtained the property in question. But it is not necessary to a violation of the second subdivision that the accused "take upon himself to act as such" United States officer or employé; it is only necessary that the property be obtained by the accused "in such pretended character." United States v. Barnow, supra. We think the allegation that the accused did "falsely and fraudulently obtain" the money and property "by inducing" the automobile company to part with it, "by falsely representing himself to be such officer and employé," sufficiently charges that the money, etc., was fraudulently obtained "in such pretended character." Littell v. United States (C. C. A. 9) 169 Fed. 620, 622, 95 C. C. A. 148. Like considerations apply to the second count.

[2] 2. The first ground of the motion to direct verdict is that there was a variance between the allegation and proof in this: (a) That in the first count the Lockwood Automobile Company is not charged to be a corporation, while it turns out to have been such; (b) that the Owl Auto Company, charged in the second count to be the victim of the fraud, is shown to have been merely a trade-name under which one Lee carried on business; it having formerly been a partnership name. It is clear, upon authority (if such were needed), that there

is no variance with respect to the first ground. Fisher v. State, 40 N. J. Law, 169; People v. Mead, 200 N. Y. 15, 92 N. E. 1051, 140 Am. St. Rep. 616. We think the lack of variance with respect to the second ground equally clear on principle. The accused was better informed by the use of the name under which alone the business was carried on than if Lee had instead been named. There is no suggestion of surprise, nor could there well be.

[3] The remaining ground of the motion to direct is that there was no substantial proof of the offense charged. We cannot agree with this contention. Setting to one side, as without merit, the point urged in this connection also, that there was no such entity as the Owl Auto Company, we pass to the other evidence. In the case of the Lockwood Company there was express testimony that it refused to sell plaintiff in error gasoline on Sunday, November 3d, when the shop was closed in accordance with instructions from the "Conservation Board of Fuel Directors"; that plaintiff in error thereupon displayed a badge reading "Government Inspector," with the statement that he was called upon to inspect hoof and mouth diseased cattle at a point near Hernando, Miss., and did not have sufficient gasoline to get there and back (there was undisputed evidence of subsequent admissions by plaintiff in error that he was not a government inspector); that the company's treasurer, relying upon this representation and believing that plaintiff in error was a government officer on official business, and wanted the gasoline for use in that business, delivered to him several gallons of gasoline, taking his check dated the next day for the amount. The check was dishonored by the bank on which it was drawn. It appeared by other evidence that inspection of hoof and mouth diseased cattle is made by a veterinary inspector of the Department of Agriculture, Bureau of Animal Industry. It is immaterial whether or not there was any government officer or employé with the precise title assumed by plaintiff in error. The statute is aimed against the false pretense of office or employment under the United States, if done with intent to defraud and accompanied with any of the acts specified in the statute done in the pretended character. United States v. Barnow, supra; Lamar v. United States, 241 U. S. 103, 114–116, 36 Sup. Ct. 535, 60 L. Ed. 912. It is likewise immaterial that the check has since been made good. U. S. v. Barnow, supra.

[4] We see no merit in the proposition that the Lockwood Company could not have relied upon the false pretense of federal employment, for the reason that, as was testified, it would not have accepted the check, had it not supposed it would be paid. Lockwood's testimony was that he would not have accepted the check from a stranger, in the absence of such representations, without further investigation; that he believed the check would be paid on presentation, from the statement of plaintiff in error that he was an official inspector for the government; and that the acceptance of the check was made by reason of that representation. We think there was substantial evidence that the gasoline was obtained under the false pretense charged. It is unnecessary to a violation of the second subdivision of the statute that the gasoline be furnished on the credit of the government as debt-

or. It is enough that the gasoline was procured by means of the representations stated. United States v. Ballard (D. C.) 118 Fed. 757; Littell v. United States, supra.

The evidence with respect to the Owl Company transaction, while differing in details from that of the Lockwood Company, has similar features generally, and is governed by similar considerations to those we have discussed. There was evidence that plaintiff in error represented that "he was in the government service" and "displayed a badge, 'Government Inspector,' on it." There also was testimony that the check (which purported to be that of another person, and was indorsed by plaintiff in error) would not otherwise have been accepted. The witness said that he "did not think a man in the government service would give me a bum check," and that, while he thought the check would be paid on presentation (it was in fact dishonored), "he had [apparently meaning he thought he had] a man in the government service who would pay it if it was not."

The motion in arrest of judgment was properly overruled.

The judgment of the District Court should be affirmed.