**UNITED STATES of America**
v.
**Clara Amelia YORK.**
**Cr. No. 12-321.**

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 7, 1962.

---

Roger T. Williams, Asst. U. S. Atty. for the United States.

Fred W. Richter, Norfolk, Va., for defendant.

MICHIE, District Judge.

Clara Amelia York, a teen-age girl, graduated from high school in her home town in northeastern North Carolina and was inspired by a talk from an F. B.I. representative to apply for a job as a clerk-typist with the F.B.I. She received some encouragement and had some ground to believe that, if she was employed, she would be assigned to the Norfolk office.

Some little time later she came up to visit a friend in the big city of Norfolk. And like most girls when visiting the big city, she conceived a yen to get some clothes in the big city. She had with her a little money and went to one of the Lerner Shops and bought herself a dress, paying cash for it. But then, as so often happens in such cases, her eyes got too big for her pocketbook and she saw another dress that she wanted, though she did not have enough money to pay for it. However she thought her credit would be good as she had a small trust fund in North Carolina which had been left her by some relative, so she asked if she could buy the second dress on credit. She was referred to the credit manager who gave her a card to fill out and on that card there was a space headed "Occupation, Position, Title, How Long There, Address." This probably stumped her for a little while, but she reflected that she was very nearly employed by the F.B.I. and did not see that a little white lie, as she doubtless deemed it to be, could do any harm since she knew she could pay for the dress anyway. So she filled in the blanks with respect to employment: "F.B.I., Grade G-3, Clerk, Employed 1½ years" and

gave the correct Norfolk address for the F.B.I. office—and thereby sent aglimmering any hope that she might have had for the F.B.I. job and brought down upon her young but now benighted head the full wrath of the United States Government.

Clara did get the dress, however. But when she got the bill for it, perhaps there was no money immediately available in the trust fund, perhaps she was out of town or just wasn't in a hurry to pay and, in any event, she did not pay promptly so the credit manager of Lerner's called the F.B.I. and the next thing Miss York knew she was indicted for violation of 18 U.S.C.A. § 912 and forced to come to Norfolk not, as she had hoped, to work for the F.B.I. but to stand trial for pretending that she was working for that agency of the United States and thereby obtaining a dress.

The testimony at the trial brought out the facts above stated and perhaps one more fact that might under different circumstances have been material, namely, that if Miss York had admitted that she did not have a job she would not have been given credit, though it did not appear from the evidence that the false representation that she had a job with the United States Government had any more influence in getting her credit than a false representation that she had a job with any other employer would have had.

18 U.S.C.A. § 912 reads as follows:

"Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

The section has been construed as defining two separate offenses and indeed it has even been considered as defining three offenses. In both (or all) it must be shown that one assumes or pretends

to be an officer or an employee acting under the authority of the United States or any department, agency or officer thereof. In the first offense defined, when the foregoing assumption or pretense has been proved, it must also be proved that the person "acts as such". And even though the party does not act as such the second (or the second and third) offense may be proved by showing that in addition to such assumption or pretense such person "in such pretended character demands or obtains any money, paper, document, or thing of value." The section may be considered as setting up three offenses if the last quoted phrase is split into two parts, one based on demanding and the other based on merely obtaining something of value.

The government admits that Clara did not act as an officer or employee of the United States and therefore cannot be convicted of the first offense included in the statute but it is claimed that in her pretended character she obtained a thing of value and therefore was guilty of an offense under the second branch of the statute.

As noted above to convict of any of the offenses included in the statute it must be shown that the accused assumed or pretended "to be an officer or employee *acting under the authority of the United States or any department, agency, or officer thereof.*" (Emphasis supplied.)

Now it must be admitted that Clara pretended to be an employee of an agency of the United States. But did she pretend to be an officer or employee *acting under the authority of an agency of the United States?* Obviously she did not. She was acting on her own because like most women she wanted another dress and she did not pretend to be buying the dress for the United States or in any way authorized by the United States to buy the dress.

That conclusion is enough to determine the case. But I think it is also clear under the circumstances that she did not "in such pretended character * * * obtain" the dress which is the second fact which must be proved to establish a crime under the second branch of the section. She did not ask the credit manager for credit *because* she was an employee of the F.B.I. and she was in no sense *acting* in the pretended character of an employee of the F.B.I. She had asked for the dress and for credit before the question of employment ever came up. She merely thought that she would be more apt to get the dress if she stated that she had some employment and her status as an applicant for a job with the F.B.I. was the nearest thing to a job that she had.

To sustain the government's case the statute would have to read that if a person falsely represents that he is an employee of the United States and, after having done so, procures from the person to whom such representation was made anything of value he is guilty of a crime. But this is to read out of the statute the required pretense of "acting under the authority of the * * * agency" and also the words "in such pretended character."

I cannot so read the statute and consequently judgment will be entered for the defendant.