**UNITED STATES of America,**
**Plaintiff,**

v.

**Jewell Evelyn GREWE, Defendant.**

**No. 21673–1.**

United States District Court
W. D. Missouri, W. D.

June 30, 1965.

F. Russell Millin, U. S. Atty., Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Gordon N. Myerson, Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

When the Government resisted defendant's motion for a bill of particulars in this case, involving an alleged violation of Section 912, Title 18, United States Code, we directed that counsel for both parties attend an informal conference in chambers. It became apparent at that conference that there was no real dispute about the facts the Government could prove at trial.

It also then became apparent that defendant's legal contention at trial would be that such undisputed facts, if established, would not constitute a violation of the statute.

The parties agreed that the Court direct further proceedings in a manner that would present the legal questions involved for decision before trial. We accordingly directed that the Government file a full response to defendant's motion for bill of particulars that would set forth the full extent of the Government's evidence.

In compliance with that direction, the Government filed an amended response and a second amended response to defendant's motion, in which this was done. The case was thus placed in an agreed and proper procedural posture for the filing by the defendant of a motion to dismiss, pursuant to Rule 12(b) (1) of the Rules of Criminal Procedure. The case therefore pends on that motion.

The indictment in this case is based on Section 912 of Title 18, United States Code, which provides that:

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

Defendant's motion presents the legal question of whether, under the undisputed facts, it can be said that the defendant pretended to be an officer or employee "acting under the authority of the United States or any department, agency or officer thereof", within the meaning of the statute.

The additional legal question is presented as to whether, under the undisputed facts, the defendant "in such pretended character" demanded or obtained any money or thing of value, within the meaning of the statute.

The pertinent undisputed facts were stated as follows in the Government's second amended response to defendant's motion for a bill of particulars:

It is expected that the government's evidence will show that on or about August 29, 1962, the defendant herein, Jewell E. Grewe, then a guest of Hotel State, Kansas City, Missouri, presented a check for $62.90, payable to Hotel State. Under her signature, Jewell E. Grewe, she added "U. S. Army A Dept" and represented to the Assistant Manager of Hotel State that she was employed by the United States Army Audit Division, St. Louis, Missouri.

It is further expected that the Government's evidence would show that in such pretended character she presented a wallet size laminated

identification card on which appeared "U. S. Army," and that relying on this identification and believing Jewell E. Grewe to be an employee of the United States Army, the Assistant of said hotel cashed the above check and five others subsequently on August 31, 1962, $25.00; on September 1, 1962, $55.30; on September 1, 1962, $20.00; on September 4, 1962, $8.00, and on September 5, 1962, $20.00. Defendant did not represent that the checks were given to satisfy an obligation of the United States. The checks were tendered to satisfy her personal obligation to Hotel State and to provide her with personal funds on instances when the checks were not presented for the payment of her personal financial obligations to Hotel State.

All checks presented by her to said hotel were returned through banking channels marked "Unable to locate account," and, further, there was no bank in existence in St. Louis, Missouri, of the name on which the checks uttered by the defendant herein were drawn.

It is apparent that the defendant did not falsely assume or pretend to be an employee "acting under the authority of the United States". Nor did she "act as such." Defendant falsely represented, as the Government conceded in its second amended response, only that she "was employed by the United States." Defendant undoubtedly believed that the hotel clerk would be convinced from her false representation of employment that her check should be cashed because he would also assume that the United States Army would not keep in its employ persons likely to write bad checks. But we do not think it follows that the presentation of a false Army identification card is in fact a representation that the defendant was "acting under the authority of the United States," within the meaning of the statute.

The Government's case under the second clause of the statute is no stronger. The Government conceded in its second amended response that "the defendant did not represent that the checks were given to satisfy an obligation of the United States." Indeed, the Government there fairly states that "the checks were tendered to satisfy her [the defendant's] personal obligations to Hotel State and to provide her with personal funds."

Again there can be no question but that the hotel was intentionally misled. But we can not say that it was misled in violation of the federal statute here involved.

Section 912 was enacted by the Congress in 1884. Its legislative history is vague. In United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155 (1915), the court held, however, that "the statute is to be interpreted according to its plain language" (l. c. 78 of 239 U.S. at page 21 of 36 S.Ct.). That case was followed in Lamar v. United States, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912 (1916). The particular cases upon which the Government relies in this case (United States v. Taylor, (E.D.Mo.1900) 108 F. 621; United States v. Ballard, (W.D.Mo. 1902) 118 F. 757; and United States v. Farnham, (E.D.Pa.1904) 127 F. 478) were held in Lamar to have misconceived the statute and to have failed to give it proper effect. We therefore refuse to follow the earlier lower court cases.

Pierce v. United States, 314 U.S. 306, 62 S.Ct. 237, 86 L.Ed. 226 (1941), reiterates the paucity of legislative history and again teaches that courts should interpret Section 912 in order that "full effect [be given] to its plain terms" and that courts "should not depart from its words and context" (l. c. 311–312 of 314 U.S. of 62 S.Ct.).

United States v. York, (E.D.Va.1962) 202 F.Supp. 275, the most recent decision construing Section 912, emphasizes that the words "acting under the authority of the United States" and the words "in such pretended character" are not to be read out of the statute. That court pointed out that if those words are not given their clear meaning it would be a federal crime for one to falsely repre-

sent that he is an employee of the United States and successfully procure anything of value from any person who might believe such a representation. We believe York is soundly reasoned and we shall follow that case.

Brafford v. United States, 6th Cir. 1919, 259 F. 511, 512, and Kane v. United States, 8th Cir. 1941, 120 F.2d 990, 991, relied upon by the Government, need not be considered because we are of the opinion that those cases are clearly distinguishable on the facts.

The agreed procedure we have followed in this case demonstrates that the Government's evidence would fail to establish that the defendant falsely assumed or pretended to be an employee "acting under the authority of the United States" or that she "acted as such," within the meaning of Section 912. The undisputed facts would establish only that the defendant falsely represented that she was "employed by the United States."

There is a vast factual difference between representing that one is "acting under the authority of the United States" and merely representing that one is "employed by the United States."

So far as the first clause of Section 912 is concerned, we hold that the undisputed facts in the case are not sufficient to sustain the ultimate inference that the defendant was "acting under the authority of the United States" or that she acted "as such".

Nor do we believe that the defendant can be legally convicted under the second clause of Section 912. The undisputed facts establish that defendant neither demanded nor obtained money or anything of value in the "pretended character" of an "employee acting under the authority of the United States," within the meaning of Section 912. We so hold.

For the reasons stated, defendant's motion to dismiss should be and the same is hereby sustained. The Clerk will present a proper judgment order for signature.

It is so ordered.