**UNITED STATES of America,
Appellant,**

v.

**William Jerome HARMON, Appellee.**

**No. 952, Docket 74–1081.**

United States Court of Appeals,
Second Circuit.

Argued April 16, 1974.

Decided April 24, 1974.

Eugene Welch, Asst. U. S. Atty. (James M. Sullivan, Jr., U. S. Atty., for the Northern District of New York, of counsel), for appellant.

David M. Garber, Syracuse, N. Y. (Bond, Schoeneck & King, Syracuse, N. Y., of counsel), for appellee.

Before KAUFMAN, Chief Judge, CLARK, Associate Justice,* and SMITH, Circuit Judge.

PER CURIAM:

In this appeal we are called upon to determine whether an indictment charging false personation of an officer or employee of the United States (18 U.S. C. § 912) is fatally defective if it fails to allege that the accused performed an "act" under his falsely assumed identity. Judge Port dismissed four counts of the seven count indictment[1] which charged Harmon with falsely pretending to be an Air Force Sergeant and recently returned Vietnam prisoner of war. The government appeals that order of dismissal (18 U.S.C. § 3731).

■■ The plain language of § 912 is dispositive of this appeal. That section provides, in relevant part:

> "Whoever falsely assumes or pretends to be an officer or employee acting under authority of the United States or any department, agency or officer thereof, and acts as such . . . shall be fined not more than $1,000 or imprisoned not more than three years, or both."

It is clear from the statute that "acting" is a conjunctive element of the offense and must be joined with the false assumption of identity in order to allege a violation.

Count I of the indictment,[2] which is virtually identical to the other counts

---

\* United States Supreme Court, retired, sitting by designation.

1. Judge Port dismissed counts I, II, IV and VI. The remaining counts (III, V and VII) allege that Harmon violated 18 U.S.C. § 702, which proscribes the unauthorized wearing of the uniform of any of the armed forces of

the United States. These counts were not dismissed.

2. Count I alleged: "On or about the 5th day of March, 1973, in the Northern District of New York, WILLIAM JEROME HARMON, wilfully and knowingly did falsely pretend and assume to be an officer and employee of the

dismissed by Judge Port, alleges merely that on or about March 5, 1973, Harmon pretended to be an Air Force Sergeant recently returned from a Vietnamese prisoner of war camp. It does not allege that he performed any acts under the guise of this assumed identity. The Government contends that the failure to specify an independent act does not render the indictment deficient because the pretense itself may serve as the required act. This argument is untenable. If mere pretense sufficed to allege a violation of § 912, then the language of the statute, which plainly requires not only that the accused falsely personate an officer but also that he "act as such," would be mere surplusage.[3] Penal statutes, in particular, will not permit such a strained construction.

Since we believe that counts I, II, IV and VI are each defective for failure to allege the requisite "act," we need not enter the fray between the Fourth and Ninth Circuits, on the one hand, and the Fifth Circuit, on the other, concerning the question whether intent to defraud is an essential element of § 912. *Compare,* United States v. Guthrie, 387 F.2d 569 (4th Cir. 1967), cert. denied, 392 U. S. 927, 88 S.Ct. 2284, 20 L.Ed.2d 1386 (1968) *and* United States v. Mitman, 459 F.2d 451 (9th Cir.), cert. denied, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972), *with* United States v. Randolph, 460 F.2d 367 (5th Cir. 1972) *and* Honea v. United States, 344 F.2d 798 (5th Cir. 1965).

Affirmed.

United States acting under the authority thereof, that is, a Sergeant in the United States Air Force and did falsely take upon himself to act as such in that he falsely stated to William Pennella that he was a Sergeant in the United States Air Force currently on leave, and in such pretended and assumed capacity WILLIAM JEROME HARMON, at the time and place aforesaid did falsely pretend to William Pennella to be a

recently returned Vietnam Prisoner of War".

3. Indeed, the Government's contention that pretense itself can serve as the required act would result in no functional distinction between the misdemeanor described in 18 U.S. C. § 702 and the felony described in § 912 where the defendant wore a uniform.