**UNITED STATES of America, Appellee,**

v.

**John Rufus ETHERIDGE, Appellant.**

**No. 597, Docket 74–2310.**

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1975.

Decided March 19, 1975.

Sheila Ginsberg, The Legal Aid Society, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for appellant.

Gary Woodfield, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Paul B. Bergman, Asst. U. S. Atty., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and OAKES and GURFEIN, Circuit Judges.

OAKES, Circuit Judge:

This appeal involves one not so simple question concerning the construction of the statute, 18 U.S.C. § 912, relating to impersonation of a federal officer, a statute that has been in the books with only certain minor modifications since 1884. Act of 1884, ch. 26, 23 Stat. 11. On a stipulation of facts the appellant was tried in the United States District Court for the Eastern District of New York, Jacob J. Mishler, *Chief Judge*, without a jury. Appellant was convicted of falsely personating an employee of the United States and in such pretended character demanding and obtaining a sum of money—a loan of $200 from Army Emergency Relief—under the statute. He appeals from his sentence of three years' probation, the execution of which was stayed pending appeal.

The stipulated facts were that appellant identified himself as a current member of the United States Army, 552d Engineers, Fort Knox, Kentucky, by obtaining first a request for leave form from the Headquarters Company of the United States Army Chaplain School and then a temporary ID card from the Identification Section on the basis of a representation that his wallet with his identification had been stolen. He had obtained papers from the New York City Police Department indicating that he had lost his wallet. He then applied to Army Emergency Relief, claiming that he was on leave, had been robbed and needed $200 to pay his hotel bills and return to Kentucky. While monies of the Army Emergency Relief are not United States Government funds, only active duty and retired military personnel and their dependents are entitled to them. Army Emergency Relief gave Etheridge a loan of $200 in the form of a check which he cashed. He shortly thereafter obtained a permanent identification card and proceeded to the Base Finance Office and received $65 partial pay. On his second trip to the Finance Office he was found out and surrendered. Throughout these events he was not a member of the United States Army.

18 U.S.C. § 912 provides as follows:

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

Appellant, while conceding that through his false personation or pretense he did obtain a thing of value, claims that he did not "assume or pretend to be . . . acting under the authority of the United States or any department, agency, or officer thereof . . . ."

Rather, he argues he was not purporting to act on behalf of the Government; he was acting only on behalf of himself. To interpret the act otherwise, his argument runs, would be to render the clause "acting under the authority of the United States" unnecessary in that it would have been sufficient for the statute simply to have said "whoever falsely assumes or pretends to be an officer or an employee of the United States   . . ." His argument at least in the abstract derives support from two reported cases, United States v. York, 202 F.Supp. 275 (E.D.Va.1962), and United States v. Grewe, 242 F.Supp. 826 (W.D.Mo.1965), and one unreported one, United States v. Martin, No. 31902–CD (S.D.Cal. July 15, 1963). He argues further that there is a Department of Justice "administrative practice" as set forth in Memo No. 784, dated August 31, 1973 (hereinafter Department of Justice Memo), from the Assistant Attorney General in charge of the Criminal Division to all United States Attorneys, that "unless the subject has also pretended to be acting under color of Federal authority or expressly or implicitly suggested that the valuable thing demanded or obtained was necessary for the performance of his official duty," *id.* at 16, the Department's policy is not to initiate prosecution where all that the impersonator has done is apply for credit, register for lodging or cash a personal check. In the light of our recent United States v. D'Amato, 507 F.2d 26, 27 (2d Cir. 1974) (false statement statute, 18 U.S.C. § 1001), it is argued that while this "policy" does not control the question of statutory construction it does partake of an administrative or prosecutorial interpretation as to the application of the statute.

■ We deal with the post-argument "administrative practice" contention first. In United States v. D'Amato, *supra*, we noted that no case had ever held the false statement statute, 18 U.S.C. § 1001, applicable in private civil litigation. The absence of cases under the statute, essentially unchanged since 1934, was treated as an administrative inter-

pretation of its applicability. Here, however, we have an administrative memo responding to two district court cases, United States v. Grewe, *supra*, and United States v. York, *supra* (although no court of appeals case). The Departmental Policy announced in the memo we read to be just that—policy limited to the facts of those two cases. We therefore turn to an examination of the statute, its history and the decided cases in an effort to determine its applicability to the case at hand.

A predecessor to this statute was § 32 of the Criminal Code of March 4, 1909, ch. 321, § 32, 35 Stat. 1088, 1095. In United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155 (1915), it was held to prohibit two separate offenses: one, falsely assuming or pretending to be an officer or employee acting under the authority of the United States or any department or officer of the Government, and taking upon oneself to act as such, in other words, false pretense plus an overt act; two, "falsely assuming or pretending to be an officer or employe[e], etc., and in such pretended character demanding or obtaining" from anyone or from the Government any money, etc., or other valuable thing. *Id.* at 75, 36 S.Ct. at 20. The Court held that the statute stated an offense even though the person charged was falsely personating a supposititious employee of the Government who never existed in fact or whose class never existed. In so holding, the Court through Mr. Justice Pitney upheld the authority of Congress to enact the statute on the basis that it was important that the "spirit of respect and good will for the government and its officers sh[ould] generally prevail." *Id.* at 78, 36 S.Ct. at 21. *Barnow* held that since it is "the false pretense of Federal authority that is the mischief to be cured" it mattered not whether the pretender named an existing or nonexisting office or officer. *Id.* at 78, 36 S.Ct. at 21.

In Lamar v. United States, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912 (1916), the charge was one of falsely assuming and pretending to be a member of Congress

with the intent to defraud certain named individuals; the defendant, Lamar, was alleged to have taken upon himself to act as such member of Congress. It does not appear whether Lamar represented that he was acting on behalf of the United States or whether he obtained something of value as a congressman acting in his personal capacity since there is no published district court decision and neither the court of appeals, 227 F. 1019, nor the Supreme Court recites the facts. One gathers from the appellant's argument, however, 241 U.S. at 104, 36 S.Ct. 19, that it was not charged or proven that the defendant pretended to act "under the authority of the United States." The Solicitor General argued that "It is not necessary that defendant's pretense be to act lawfully under the authority of the United States." 241 U.S. at 106, 36 S.Ct. 19. The Solicitor General cited Littell v. United States, 169 F. 620 (9th Cir. 1909), and United States v. Ballard, 118 F. 757 (W.D.Mo.1902), in addition to *Barnow*.

*Lamar* stands for rejection of the contention that "no offense was stated since it was not charged that in pretending to be an officer the accused did an act which he would have been authorized to do under the authority of the United States had he possessed the official capacity which he assumed to have." 241 U.S. at 113–14, 36 S.Ct. at 538. The Court held that the doing in the falsely assumed role of any overt act, whether it would have been legally authorized had the assumed capacity existed or not, was prohibited by the statute because the "words 'acting under the authority of the United States' are *words designating the character of the officer or employee* whose personation the clause prohibits . . . [not words] applied only as limiting and defining the character of the overt act from which criminality is to arise . . . ." 241 U.S. at 114, 36 S.Ct. at 539 (emphasis added). The Court goes on to say that its construction of "acting under the authority of the United States" is impelled by virtue of the fact that in clause 2 "there is no re-expression of the prohibition against

assuming or pretending contained in the first clause except as that prohibition is carried over and made applicable to the second by the words 'or shall in such pretended character demand,' etc." 241 U.S. at 215, 36 S.Ct. at 539. The Court significantly goes on to say that

> [a]s it is obvious that the acts made absolutely criminal by the second clause are acts which may or *may not* have been accomplished as the result of exerting in the pretended capacity an authority which there would have been a lawful right to exert if the character had been real and not assumed, it results not only that the conflict which we have indicated would arise from adopting the construction claimed, but the error of such contention as applied to the first clause is conclusively demonstrated."

241 U.S. at 115, 36 S.Ct. at 539 (emphasis added). Thus the Court construes clause 2, the "or in such pretended character" clause here in question, as prohibiting acts which may or *may not* have been accomplished as the result of exerting in the pretended capacity the authority of the United States or of a department or officer thereof. Without necessarily being a direct decision, *Lamar* at the very least, we think, gives us a strong indication that the clause "acting under the authority of the United States" goes solely to designate the *character* of the officer or employee and *not* to limit or define the character of the overt act under clause 1 or to limit the kind of acts penalized under clause 2. Clause 2 does not say "in such pretended character and under such pretended authority."

While *Lamar* does not itself cite Littell v. United States, *supra*, on which the Solicitor General relied, it might be suggested that that case involved our factual situation and is the only court of appeals case which does so. There a conviction was affirmed by the Ninth Circuit when an impersonator of a United States Secret Service officer answered a matrimonial advertisement and obtained board, lodging and a loan of $600 for a personal investment. While he did so on

the basis of his statement that he was in the city to superintend and hasten work on the Federal Building and other government works, he argued that obtaining food, lodging and money was not "under the authority of the United States." The court rejected the suggestion that the Act applied only to the extortion of money or property from another by asserting a claim for money or property due or owing the United States, which, "in his pretended official capacity," the accused represents that it is his duty to collect. 169 F. at 622. The court held that the gist of the offense was the false personation as evidenced by certain acts, including under the second clause the obtaining of money or property from anyone. 169 F. at 622–23.

We come, then, to United States v. York, *supra*, where a teenaged girl established credit to buy a dress by filling out a card falsely listing her employment as an FBI clerk, a job she only expected to get. In that appealingly written case District Judge Michie held that she could not be convicted of violating § 912 because, while she concededly pretended to be an employee, she did not pretend to be acting under the authority of an agency of the United States but rather was acting on her own in buying the dress. 202 F.Supp. at 277. The court went on to add that she did not "in such pretended character . . . obtain" the dress, in that she did not ask the credit manager for credit because she was an employee of the FBI and she was in no sense acting in the pretended character of an employee of the FBI; rather, she had asked for the dress and for credit before the question of employment ever came up. *Id.* No cases were cited in *York*, but the district judge did say that if he held otherwise it would "read out of the statute the required pretense of 'acting under the authority of the . . . agency' and also the words 'in such pretended character.'" *Id.*

United States v. Grewe, *supra*, held that there was no offense stated under either clause of the statute when the defendant cashed checks at a hotel, falsely representing that she was employed by the United States Army Audit Division. The checks were to pay for her lodging and to provide her with personal funds. The court followed United States v. York as "soundly reasoned," saying, "There is a vast factual difference between representing that one is 'acting under the authority of the United States' and merely representing that one is 'employed by the United States.'" 242 F.Supp. at 829.

■ We agree with the Government that this case is distinguishable from *York* and *Grewe* because in those cases there was no nexus shown between the federal impersonation and the fraud. Here, however, the appellant not only falsely represented himself to be an employee of the United States, but also while acting in this capacity and solely by virtue of the pretense obtained a loan from Army Emergency Relief. As Chief Judge Mishler below put it, the "defendant received financial assistance *because* he represented himself to be a member of the United States Army." (Emphasis in original.) Since monies from Army Emergency Relief are available only to a limited class of Army employees or retirees and appellant's representation placed him within the class of Army employees, he was able to obtain the loan.

Appellant argues that in any event the Government's construction makes the phrase "acting under the authority of the United States" or at least the word "acting" meaningless. We have previously held, however, that an indictment merely alleging false personation is insufficient, and that "acting" is a conjunctive element of the offense. United States v. Harmon, 496 F.2d 20 (2d Cir. 1974). We do not need to hold, as *Lamar, supra,* indicated, that the statute prohibits simply the false assumption or pretense of an office or employment which exists (or is pretended to exist) under the authority of the United States (when coupled with an act *as such* or an act of demanding or obtaining, etc.). Here the money obtained was obtainable only by military personnel (or retirees); it was only while acting as such and by virtue of acting as such that appellant

**1254**

obtained it. We will leave to another day—one which hopefully may never again arise in the light of the Department of Justice Memo, *supra*—the question whether a violation occurs when it is the misrepresentation of *employment* that is the key to extension of credit, the fact that the employment is federal being purely incidental.

Judgment affirmed.