**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert J. RIPPEE, Defendant–Appellant.**

**No. 91–2485.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1991.

Decided April 14, 1992.

Kit R. Morrissey, Asst. U.S. Atty. (argued), Thomas Edward Leggans, Office of the U.S. Atty., Criminal Div., Fairview Heights, Ill., for plaintiff-appellee.

Renee E. Schooley, Federal Public Defender (argued), Office of the Federal Public Defender, East St. Louis, Ill., for defendant-appellant.

Before POSNER and MANION, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

MANION, Circuit Judge.

By pretending to be a United States Marshal, Robert J. Rippee talked his way out of a traffic ticket and into an indictment in federal court. A jury convicted Rippee of impersonating a federal officer to obtain a thing of value in violation of 18 U.S.C. § 912 (1976), and the district judge sentenced Rippee to seven months imprisonment pursuant to the Sentencing Guidelines. On appeal, Rippee argues only that the district court erred in denying his motion to dismiss the indictment for failure to state an offense under section 912. We affirm the defendant's conviction.

## I. Background

### A. Facts

On January 1, 1991, officers from the National City, Illinois, Police Department stopped Rippee for making an illegal U-turn. The officers let Rippee go without a ticket, however, when he told them he was a United States Marshal on his way to break up a fight at Fannies' Night Club in Brooklyn, Illinois.

On February 21, 1991, the grand jury in the Southern District of Illinois charged Rippee in a one count indictment with obtaining a thing of value by pretending to be an officer acting under the authority of the United States in violation of 18 U.S.C. § 912. Rippee filed a motion to dismiss the indictment arguing that the indictment failed to state an offense under section 912. After the district court denied the motion, the case proceeded to trial. Rippee stipulated that he was not and had never been a United States Marshal. After hearing the evidence, the jury convicted Rippee.

### B. Statute

Since 1948, 18 U.S.C. § 912 has read as follows:

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1000 or imprisoned not more than three years, or both.

Rippee seeks to distinguish his conduct from the conduct criminalized under section 912 in two ways. First, Rippee argues that even though he did impersonate a federal officer he did not "obtain a thing of value." Therefore, his conduct did not fall within the category of conduct prohibited by section 912. Second, Rippee argues, even if he obtained a thing of value, he acted for his personal benefit and not as a representative of the United States, which absolves him from criminal liability under section 912.

## II. Analysis

Section 912 criminalizes two kinds of conduct: (1) false impersonation of a federal official coupled with an overt act in conformity with the pretense and (2) false impersonation of a federal official coupled with demanding or obtaining a thing of value. *United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir.1985), *cert. denied*, 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986) (citing *United States v. Barnow*, 239 U.S. 74, 75, 36 S.Ct. 19, 20, 60 L.Ed. 155 (1915) (decided under the predecessor statute to § 912)). Rippee's indictment charges him with the second type of section 912 offense, and his argument before this court initially requires us to determine what it means to "obtain a thing of value" within the meaning of the statute.

As Rippee correctly observes, most cases under section 912 involve defendants who obtain money, credit or property as a result of deceit. *E.g., Kimberlin*, 781 F.2d at 1249 (defendant used Department of Defense insignia to obtain property); *United States v. Etheridge*, 512 F.2d 1249, 1250 (2d Cir.1975), *cert. denied*, 423 U.S. 843, 96 S.Ct. 77, 46 L.Ed.2d 63 (1975) (defendant obtained loan of $200 from Army Emergency Relief by falsely stating that he was a current member of the U.S. Army); *United*

*States v. Milton,* 421 F.2d 586, 587 (10th Cir.1970) (defendant represented himself as an FBI agent to obtain money); *Honea v. United States,* 344 F.2d 798, 800–801 (5th Cir.1965) (defendant represented himself as a CIA agent and obtained $4000). The phrase "thing of value" under section 912 has also been construed to encompass more than tangible objects having commercial worth. *United States v. Sheker,* 618 F.2d 607, 609 (9th Cir.1980) (holding that information constituted a "thing of value"). Rippee observes, however, that "[e]ven those cases which do not involve a literal transfer of cash, credit, or other valuable property still require that the defendant *receive* something for his efforts in order to be convicted." (Appellant's Brief at 3). In Rippee's view, his conduct falls outside the reach of section 912 because he *avoided* something but *obtained* nothing.

■ Rippee proposes a novel interpretation of section 912, and we have found no indication that any other circuit has pondered the meaning of the word "obtain" in the context of section 912. However, Rippee's semantic distinction between "avoid" and "obtain" in this case fails because Rippee did obtain something of value—forbearance. Forbearance by the National City Police conferred upon Rippee a substantial benefit because if Rippee had received a ticket (instead of forbearance) he may have had to pay a fine, appear in court, and perhaps even shoulder an increase in insurance premiums. Also, as the district court noted, Rippee at least gained the value of time for not having to defend himself in court. Few traffic violators who pull over in response to the ominous flashing light would conclude that they did not obtain something of value if the officer, after hearing the driver's "reason" for the infraction, let the offender go without writing a ticket.

We note that our interpretation of section 912 comports with the statute's general purpose articulated by the Supreme Court. Both types of section 912 offenses described in *Kimberlin* require both a pretense and an act. *See, e.g., United States v. Harmon,* 496 F.2d 20 (2d Cir.1974) (an

indictment charging false impersonation without alleging that the defendant acted in conformity with his pretended character or obtained anything of value held insufficient). The statute does not punish mere puffing. However, "[i]t is the false pretense of Federal authority that is the mischief to be cured...." *Barnow,* 239 U.S. at 78, 36 S.Ct. at 21. That mischief is the same whether the impersonator swindles a widow out of $4000 as in *Honea* or dupes a police officer out of issuing a ticket.

■ Our study of the word "obtain" does not end our analysis. In the second part of his argument, Rippee contends that he is exempt from liability under section 912 because even assuming he did obtain benefits, those benefits accrued to him in his personal capacity and not as a representative of the United States Marshals Service. Rippee maintains that "[a]ssuming, arguendo, that [he] ... obtained any benefits at all, these benefits would accrue to him in his personal capacity. Even if he had been a Marshal, whether he received a traffic ticket or not was certainly of no concern to the federal government or the United States Marshal's [sic] Service." (Appellant's Reply Brief at 3). The Ninth Circuit and the Second Circuit have rejected similar arguments. In *Littell v. United States,* 169 F. 620 (9th Cir.1909), the defendant obtained board, lodging and a loan of $600 for a personal investment on the basis of his statement that he was in town to oversee construction of the Federal Building and other government works. The Ninth Circuit held that although the benefits the defendant obtained accrued to him personally, the predecessor statute to section 912 reached the defendant's conduct. *Id.* at 622. Relying in part on *Littell,* the Second Circuit rejected a comparable argument in *Etheridge* where the defendant obtained a personal loan from Army Emergency Relief by falsely representing that he was a member of the United States Army. *Etheridge,* 512 F.2d at 1252–1253. Likewise, we find it irrelevant that the benefit that Rippee received was conferred on him as an individual and not as a representative of the United States Marshals Service.

As authority for his contrary position, Rippee cites *United States v. Grewe,* 242 F.Supp. 826 (W.D.Mo.1965) and *United States v. York,* 202 F.Supp. 275 (E.D.Va. 1962). In *York* and *Grewe,* the defendants pretended to be employed by the United States but did not assert that they were acting under federal authority at the time they obtained a benefit. In *York,* the defendant, a teenage girl, obtained credit to buy a dress by listing her employer as the FBI. The court held that her conduct did not constitute a violation of section 912. While the defendant pretended to be an employee of an agency of the United States, she did not pretend " 'to be an officer or employee *acting under the authority of the United States or any department, agency, or officer thereof'* " because she never represented that she was buying the dress under the authority of the FBI. *York,* 202 F.Supp. at 276 (quoting 18 U.S.C. § 912) (emphasis original). Similarly, in *Grewe,* the defendant cashed checks for personal obligations and personal funds using a counterfeit United States Army identification card. *Grewe,* 242 F.Supp. at 828. The court pointed out that the defendant falsely represented "only that she *'was employed* by the United States.' " *Id.* at 828 (emphasis in original). Noting the "vast factual difference between representing that one is 'acting under the authority of the United States' and merely representing that one is 'employed by the United States,' " the court dismissed the indictment. *Id.* at 829.

Rippee's reliance on *York* and *Grewe* is misplaced. The defendants in *York* and *Grewe* were outside the reach of section 912 not because they benefitted in their personal capacity from their pretense but because they had not pretended to be employees "acting under the authority of the United States." Correctly construed, the reasoning in *York* and *Grewe* could apply if Rippee's indictment alleged that Rippee stated he was on his way to a picnic and mentioned that his employer was the United States Marshals Service in the hopes that this would influence the National City police officer. Rippee's indictment, however, alleged that he "did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof." As factual support of this allegation, the indictment stated that Rippee "told National City Illinois police officers that he was a Deputy United States Marshal on his way to assist in the breakup of a fight in progress at Fannies' Night Club...." Therefore, the indictment alleged that Rippee violated section 912 by falsely representing not only that he was an employee of the United States but also that he was acting under the authority of his position at the time he was stopped. Whether or not a United States Marshal's responsibilities actually include breaking up fights does not matter. The indictment alleges that Rippee pretended to be breaking up the fight in his capacity as a Marshal. That is enough to state a violation of the statute. Since Rippee appeals the sufficiency of the indictment but not the sufficiency of the evidence at trial, we do not need to address whether the government produced support for its allegations on the record.[1]

### III.   Conclusion

Since Rippee's indictment alleged that he obtained forbearance from the National City police officers by impersonating an officer acting under the authority of the United States, the indictment sufficiently stated a violation of 18 U.S.C. § 912. Accordingly, we AFFIRM the defendant's conviction.

---

**1.** Furthermore, we note that the record on appeal does not contain a transcript of the trial but only a transcript of the closing arguments.

Rippee has limited us to examination of the indictment and precluded our examination of the evidence produced at trial.